**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| TOMMY ORTIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUTY SHERIFF FREDERICK JEFFER-SON and LIEUTENANT DAMITA DELITZ,<br><br>    Defendants. | No. 1:20-CV-01033<br><br>Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

Tommy Ortiz alleges that, while detained at Cook County Jail, he was attacked by another detainee. R. 30, Am. Compl. at 2, 4–7.[1] In Ortiz's view, Deputy Sheriff Frederick Jefferson and Lieutenant Damita Delitz failed to protect him from that attack despite being informed of its imminence, so he has sued them for violating his right as a pretrial detainee to due process under the Fourteenth Amendment.[2] Am. Compl. at 4–7; R. 13, 05/03/20 Screening Order at 2–3.

The Defendants contend that Ortiz failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Because the question of whether Ortiz properly exhausted turned on a factual dispute about the authenticity of a grievance that he had purportedly filed, this Court held an

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. Unless otherwise noted, citations are to the PDF page numbers of the filing.

[2]This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

evidentiary hearing on May 14, 2025. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), *overruled on other grounds by Perttu v. Richards*, 605 U.S. 460, 468, 475 (2025). As explained in this Opinion, the Court finds that Ortiz failed to exhaust his administrative remedies and thus enters judgment for the Defendants.

## I. Background

For purposes of this Opinion, the Court assumes familiarity with the underlying facts as summarized in the prior March 30, 2023, opinion, R. 98. *Ortiz v. Jefferson*, 2023 WL 2711565 (N.D. Ill. Mar. 30, 2023). To briefly summarize some background facts, Ortiz was at all relevant times a detainee in the Cook County Jail. *Id.* at *2. According to Ortiz, he warned jail officials that prisoners were having disagreements over access to communal phones, and he became worried about the ensuing physical altercations. *Id.* One specific threat was directed toward him by Marc Lewis, and Ortiz represents that he informed Deputy Jefferson and Lieutenant Delitz that Lewis posed a credible threat. *Id.* On July 22, 2019, Lewis attacked Ortiz. *Id.*

The parties dispute whether Ortiz filed a grievance, and thus exhausted his administrative remedies, as to that attack. The Court previously determined that the grievances that Ortiz submitted on June 3 and July 28, 2019, did not adequately exhaust his administrative remedies because neither grievance alerted the jail "to the nature of the wrong." *Ortiz*, 2023 WL 2711565, at *2, 4. The parties now dispute whether another grievance, which Ortiz claims he submitted on July 10, 2019, satisfactorily exhausted his administrative remedies. *See* R. 123, 03/13/25 Minute Entry.

2

Ortiz attached the purported July 10 grievance to his initial complaint. R. 1, Compl. at 8–9; *see also* R. 143, Pl.'s Post-Hearing Resp. at 116–17.[3] In the grievance, Ortiz explains that Lewis threatened to attack him because of a disagreement about the phones, and Ortiz states that he told an officer about the threat. Compl. at 8. Three officers purportedly responded to the grievance: Velma Ball, Delitz, and Brooke Rezko. *Id.* at 8–9. A signature for Ball appears at the bottom of the first page over a line dividing two separate fields, with a review date of July 11, 2019. *Id.* at 8. On the response page, the grievance included a control number, which helps electronically track the grievance; a grievance code, which categorizes the nature of the issue; and a referral date, also July 11. *Id.* at 9. Delitz's July 12, 2019, response comes next on the form: "The inmate did not hit you. The phone[s] are for all inmates." *Id.* Ortiz appealed that determination, and Rezko rejected his appeal, stating, "ORIGINAL RESP STANDS." *Id.*

In the Defendants' view, the July 10 grievance is forged. At the evidentiary hearing, each of the three officers whose signatures appear on the grievance testified. Ball testified that she would not have signed her name on the line between two fields, that the control number and grievance code were not written in her handwriting, that illegible control numbers (as true for this grievance) happen a "couple" times but are corrected, and that she would not have assigned that particular grievance code (used

---

[3]Because the copy attached to Ortiz's original complaint is the most legible and because the most recently attached version is a photocopy of that attachment, the Court cites to the original complaint only to reference the July 10 grievance.

for generic building issues) to an issue about violence between prisoners. R. 142, *Pavey* Hearing Tr. at 69:11–:24, 71:8–:18, 72:3–:15, 72:21–73:10. Ball added that, if the grievance had actually been assigned the generic code, she would have processed the grievance as a non-emergency, and because Ortiz submitted another non-emergency grievance on July 10—that was processed on July 11 and referred on July 12—Ball attested that she also would have referred Ortiz's disputed July 10 grievance on July 12, not July 11. *Id.* at 73:11–74:3, 79:2–:10. Delitz and Rezko testified to similar effect, explaining that the handwriting on the July 10 grievance was not theirs and that the responses were too informally worded to be theirs. *Id.* at 86:18–88:14, 96:5–97:12. Another witness for the Defendants—Natasha Jones, who supervises other workers who process grievances, *id.* at 35:18–36:18—provided background on the electronic-grievance database and explained how control numbers are populated for grievances only *after* the grievances are entered into the system. *Id.* at 38:20–40:24.

Ortiz testified in support of the grievance's legitimacy. He attested that he filled out only the fields of the grievance form that were properly his to complete. *Pavey* Hearing Tr. at 14:8–22:16. And when cross-examined, Ortiz represented that he "handed it from [his] hand to [Ball's] hand." *Id.* at 25:18–:21. To explain why some of the handwriting on his copy—a pink carbon-triplicate form—was crooked, Ortiz posited that the forms were not properly aligned when glued together. *Id.* at 25:25–27:15. Ortiz also cross-examined the Defendants' witnesses, suggesting that mistakes or inconsistencies in handwriting or wording sometimes happen when grievances are answered or logged. *See, e.g., id.* at 54:3–:10, 82:10–:17, 91:7–:12, 99:23–101:2.

## II. Legal Standard

Because failure to exhaust is an affirmative defense, the Defendants shoulder the burden to prove it. *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018). Proving an affirmative defense does not require the Defendants to show it is a "statistical certainty" that Ortiz failed to exhaust. *Cf. Ray v. Clements*, 700 F.3d 993, 1010 (7th Cir. 2012) (cautioning against more stringent burden for defendant proving untimeliness). Instead, courts in this district apply the familiar preponderance-of-the-evidence standard when assessing whether a plaintiff has failed to exhaust. *See, e.g.*, *Williams v. Baldwin*, 239 F. Supp. 3d 1084, 1089 (N.D. Ill. 2017); *Syler v. County of Will*, 2019 WL 2526001, at *3 (N.D. Ill. June 19, 2019); *Hebron v. Baldwin*, 2020 WL 757900, *1 (N.D. Ill. Feb. 14, 2020). To determine whether the Defendants have met this standard, the Court must "hear evidence, find facts, and determine credibility." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018).

## III. Analysis

The Defendants maintain that Ortiz forged the July 10 grievance. They emphasize the testimony of their four witnesses for the proposition that the cumulative errors or deviations from usual practices could not have happened.[4] R. 141, Defs.'

---

[4]The Defendants add in reply that, even if the grievance were genuine, Ortiz may not have properly exhausted. R. 148, Defs.' Post-Hearing Reply at 6–7. This argument, which if true would have obviated the need for an evidentiary hearing, is waived as not having been raised earlier. And it is waived because, even at this particular procedural stage, the Defendants do not fully develop the argument, devoting little more than a page in their reply brief. *Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005) ("The failure to develop an argument constitutes a waiver.").

Post-Hearing Br. at 3–8. Ortiz disagrees, underscoring that his testimony was consistent, even on cross-examination, and that some mistakes happen.[5] Pl.'s Post-Hearing Resp. at 2–5. Ortiz also suggests that the Defendants' witnesses provided self-serving testimony that "can be manipulated by affirmative misconduct to prevent a prisoner from exhausting." *Id.* at 4 (cleaned up).[6]

Although mistakes can happen, the sheer number of mistakes that Ortiz suggests is so improbable that the Defendants have met their burden in showing that the grievance was forged. For the grievance to be authentic, three different officers needed to have responded differently (in terms of handwriting, grammar, and language) than they usually did, even when compared to their responses to Ortiz's other grievances. *Pavey* Hearing Tr. at 69:11–:24, 71:8–:14, 72:3–:15, 86:18–88:14, 96:5–97:12. And the grievance database—which lacks any record of the July 10 grievance—somehow would have needed to generate a control number (written illegibly and not corrected) *before* the grievance was ever entered. *Id.* at 38:20–40:24, 72:3–:15. The grievance also must have been assigned an incorrect grievance code and processed

---

[5]Ortiz does not discuss the relevance, if any, of the Supreme Court's recent decision in *Perttu*. To the extent that there is an argument that the issue of exhaustion in this case is intertwined with the merits of his failure-to-protect claim such that he is entitled to a jury trial on both issues, *see Perttu*, 605 U.S. at 468, he has waived the argument by not raising it in his post-hearing brief, which was filed after *Perttu* was decided. And in any event, the Court notes that the degree of connection is not immediately clear because Ortiz alleges other ways in which he provided the Defendants with notice other than by filing the disputed July 10 grievance. *See* Am. Compl. at 4–5.

[6]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

differently than another grievance that Ortiz did in fact submit that same day. *Id.* at 72:21–74:3, 79:2–:10. Much of this evidence is not readily manipulable, and the weight of the *objective* evidence (observable differences in handwriting, wording, control number, and grievance code) undermines Ortiz's account, even though no evidence directly contradicts his testimony. *See Trade Well Int'l v. United Cent. Bank,* 825 F.3d 854, 861 (7th Cir. 2016) ("[A] court may find a witness incredible based on a variety of testimonial issues, such as … implausibility … as well as contrary evidence.").

One issue remains: how to dismiss this case. Ordinarily, dismissing a case for failure to exhaust would be without prejudice to re-filing if a prisoner is able (in the rare case) to exhaust later. *Chambers v. Sood,* 956 F.3d 979, 984 (7th Cir. 2020). But the Defendants have urged the Court to dismiss the case as a sanction for fraud, and they urge the Court to impose a strike under the Prison Litigation Reform Act. Defs.' Post-Hearing Br. at 9; Defs.' Post-Hearing Reply at 8. The Court addresses each request in turn.

First, the Court concludes that dismissing Ortiz's case with prejudice is a proper sanction for submitting the fraudulent grievance. Courts possess an inherent authority to impose sanctions, but courts also must consider lesser sanctions first. *Sanders v. Melvin,* 25 F.4th 475, 481, 485–86 (7th Cir. 2022); *see also Oliver v. Gramley,* 200 F.3d 465, 466 (7th Cir. 1999). Financial sanctions would have zero effect here because Ortiz is proceeding in forma pauperis, *see* 05/03/20 Screening Order at 1, and if the Court analogized to discovery sanctions under Civil Rule 37 to exclude the

7

grievance, Ortiz's suit still would inevitably be dismissed. *Rivera v. Drake*, 767 F.3d 685, 686–87 (7th Cir. 2014). Dismissal with prejudice is also appropriate here because Ortiz's misconduct "put the judicial system through … unnecessary work[,] … caused the defense unnecessary expense and delay[,] … [and] undermined the function of § 1997e(a) in promising alternative dispute resolution." *Id.* at 686. Put another way, Ortiz "abused the judicial process by seeking relief based on information that [he] knows is false." *Sanders*, 25 F.4th at 481 (cleaned up). So dismissal with prejudice is a proper sanction.

Second, the Court does not accept the Defendants' invitation to impose a strike under the Prison Litigation Reform Act. "[Section] 1915(g) commits to *a later tribunal* the toting up of strikes in earlier suits and appeals." *Hill v. Madison County*, 983 F.3d 904, 906 (7th Cir. 2020) (cleaned up) (emphasis added). And even if the Court were inclined to "include notice to that effect," which "does not violate Article III," *id.*, the Court would not do so. Dismissal as a sanction here likely does not count as a strike because § 1915(g) counts as strikes only actions that were dismissed because they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see also Turley v. Gaetz*, 625 F.3d 1005, 1008–09 (7th Cir. 2010) (emphasizing that entire action must be dismissed on "one or more of the three enumerated grounds"); *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) (noting that dismissal as sanction for fraud was not a strike).[7]

---

[7]Perhaps the closest enumerated ground would be "malicious." But the Seventh Circuit has noted that dismissals may be for malice only if there is a finding of intent to harass.

## IV. Conclusion

The Court finds that Ortiz failed to exhaust his administrative remedies because no authentic grievance alerted the jail on the claim for which he now seeks to sue. And because Ortiz submitted a fraudulent grievance to support the purported exhaustion of remedies, the case is dismissed with prejudice, and final judgment shall be entered.

ENTERED:

     s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: April 6, 2026

---

*Hoskins*, 633 F.3d at 544. The Defendants do not develop an argument that Ortiz forged the grievance for that purpose, and although Ortiz certainly forged the grievance intentionally, there are other plausible reasons he did so, including in a misguided attempt to mislead the court into awarding judicial relief. So without a fuller argument, the Court does not make a finding that Ortiz forged the grievance with an intent to harass.